**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LOCATION SERVICES IP, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>YAHOO! INC.,<br><br>    Defendant. | Civil Action No. 2:15-cv-00155<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff Location Services IP, LLC ("LSI"), by and through its undersigned counsel, submits this Original Complaint against the above-named Defendant, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of United States Patent Nos. 6,202,023 (the "'023 patent"), 5,839,088 (the "'088 patent"), 8,935,220 (the "'220 patent") and 6,356,834 (the "'834 patent") (collectively, the "Patents-in-Suit").

**THE PARTIES**

2. Plaintiff, Location Services IP, LLC, is a Texas company with its place of business in Dallas, Texas.

3. Upon information and belief, Defendant, Yahoo!, Inc. ("Yahoo!"), is a corporation established under the laws of the State of Delaware, with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant, including because Defendant has minimum contacts within the State of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas; Defendant regularly conducts business within the State of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas, including at least by virtue of Defendant's interactive website and/or app that comprise infringing methods, including those accused methods described herein, which are at least used in and/or accessible in the State of Texas. Further, this Court has general jurisdiction over Defendant, including due to its continuous and systematic contacts with the State of Texas.

6. More specifically, on information and belief, Defendant has an interactive website and/or app comprising infringing methods which are at least used in and/or accessible in the State of Texas. Further, on information and belief, Defendant is subject to the Court's jurisdiction, including because Defendant has committed patent infringement in the State of Texas. Pursuant to 35 U.S.C. § 271, Defendant infringes the Patents-in-Suit by, without authority, its practicing and/or hosting the accused methods described herein in the State of Texas. Further, Defendant solicits customers/users in the State of Texas. On information and belief, Defendant has customers/users who are residents of the State of Texas and who purchase, acquire, and/or use Defendant's infringing products in the State of Texas.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b),

including because Defendant has purposefully availed themselves of the privileges of conducting business in this District; Defendant regularly conducts business within this District; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in this District, including at least by virtue of Defendant's interactive website and/or app that comprise infringing methods, including those accused methods herein, which are at least used in and/or accessible in this District. Further, Defendant has continuous and systematic contacts with this District.

8. More specifically, on information and belief, Defendant has an interactive website and/or app comprising infringing methods which are at least used in and/or accessible in the State of Texas. Further, on information and belief, Defendant is subject to the Court's jurisdiction, including because Defendant has committed patent infringement in this District. Pursuant to 35 U.S.C. § 271, Defendant infringes the Patents-in-Suit by, without authority, its practicing and/or hosting the accused methods described herein in this District. Further, Defendant solicits customers/users in this District. On information and belief, Defendant has customers/users who are residents of this District and who purchase, acquire, and/or use Defendant's infringing products in this District.

## INTRODUCTION

9. The Patents-in-Suit originated from Go2, a pioneer in location based services and mobile web technology. Go2 was founded by Lee Hancock, a visionary and inventor who is a named inventor on each of the patents-in-suit. Plaintiff is the current assignee of the Patents-in-Suit and has standing to bring this lawsuit, including the right to recover damages for past, present, and future infringement of the patents.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,202,023

10. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-8 above.

11. The '023 Patent, entitled "Internet Based Geographic Location Referencing System and Method," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 13, 2001 after full and fair examination. The '023 Patent is a continuation-in-part of Application No. 09/188,153 (issued as U.S. Patent No. 6,047,236), which is a continuation of Application No. 08/701,586 (issued as the '088 Patent).

12. The claims of the '023 Patent cover, *inter alia*, a method for automatically providing informational services based on a geographical location of a client computer system, wherein said informational services are provided by a server attached to a computer network, said method comprising the steps of: executing an application program on said client computer system for collecting user data and location information representative of the geographical location of the client computer system, said application program including a user interface module, a web browser module, a data packet module and an ALI polling module, said user interface module comprises the steps of: location prompting for accepting parameters for defining a particular location, wherein location prompting includes the step of prompting the user to specify whether said location information is based on a current or projected location; and user preference prompting for accepting one or more user preferences; constructing a data packet comprising said user data and location information; connecting to the server; transmitting said data packet to the server; parsing said data packet to extract said user data and location information; formulating a database query from said user data and location information; issuing a database query on a database coupled to the server; and downloading a result from said database query relating to the geographical location of the client computer system to said client.

13. On information and belief, Defendant has infringed and is now infringing, including literally, jointly, and/or equivalently, the '023 Patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the practicing, making, using, offering for sale, selling, hosting, and/or importing, without authority from Plaintiff, methods for executing an application program on said client computer system for collecting user data and location information representative of the geographical location of the client computer system, said application program including a user interface module, a web browser module, a data packet module and an ALI polling module, said user interface module comprises the steps of: location prompting for accepting parameters for defining a particular location, wherein location prompting includes the step of prompting the user to specify whether said location information is based on a current or projected location; and user preference prompting for accepting one or more user preferences; constructing a data packet comprising said user data and location information; connecting to the server; transmitting said data packet to the server; parsing said data packet to extract said user data and location information; formulating a database query from said user data and location information; issuing a database query on a database coupled to the server; and downloading a result from said database query relating to the geographical location of the client computer system to said client.  On information and belief, Defendant infringes the '023 Patent by and through at least its practicing and/or hosting methods comprising at least the Yahoo! Maps interactive website.

14. On information and belief, Defendant has had at least constructive notice of the '023 Patent pursuant to the Patent Act.  Plaintiff reserves the right to take discovery regarding Defendant's first actual notice of the '023 Patent.

15. To the extent that facts learned during the pendency of this case show that Defendant's

infringement is, or has been, willful, Plaintiff reserves the right to amend this Original Complaint accordingly, and to request such a finding at the time of trial.

16. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff. Such activities constitute Defendant's infringement of the '023 patent by Defendant's practicing and/or hosting, at least the methods described herein, that infringe the patented invention, and Defendant will continue to do so unless enjoined by the Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,839,088

17. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-15 above.

18. The '088 Patent, entitled "Geographic Location Referencing System and Method," was duly and legally issued by the USPTO on November 17, 1998 after full and fair examination.

19. The claims of the '088 Patent cover, *inter alia*, a method, in a computational apparatus, of addressing a selected location within a geographical area comprising the following steps: selecting a geographical area from a plurality of geographical areas; defining a grid corresponding to the selected geographical area, the grid having a plurality of grid cells, a reference point, global coordinates defined in accordance with a known global referencing system, and a name; subdividing a cell corresponding to the selected location into as many levels of hierarchically-arranged sub-cells as necessary to obtain a desired addressing precision; associating each sub-cell with a sub-cell code; identifying each sub-cell with a hierarchical arrangement of codes; addressing the selected location within the geographical area with an address formed by appending to the name of the grid a hierarchial arrangement of codes corresponding to the selected location.

20. On information and belief, Defendant has infringed and is now infringing, including literally, jointly, and/or equivalently, the '088 Patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the

practicing, making, using, offering for sale, selling, hosting, and/or importing, without authority from Plaintiff, methods, in a computational apparatus, of addressing a selected location within a geographical area comprising the following steps: selecting a geographical area from a plurality of geographical areas; defining a grid corresponding to the selected geographical area, the grid having a plurality of grid cells, a reference point, global coordinates defined in accordance with a known global referencing system, and a name; subdividing a cell corresponding to the selected location into as many levels of hierarchically-arranged sub-cells as necessary to obtain a desired addressing precision; associating each sub-cell with a sub-cell code; identifying each sub-cell with a hierarchical arrangement of codes; addressing the selected location within the geographical area with an address formed by appending to the name of the grid a hierarchial arrangement of codes corresponding to the selected location. On information and belief, Defendant infringes the '088 Patent by and through at least its practicing and/or hosting methods comprising at least the Yahoo! Maps interactive website.

21. On information and belief, Defendant has had at least constructive notice of the '088 Patent pursuant to the Patent Act. Plaintiff reserves the right to take discovery regarding Defendant's first actual notice of the '088 Patent.

22. To the extent that facts learned during the pendency of this case show that Defendant's infringement is, or has been, willful, Plaintiff reserves the right to amend this Original Complaint accordingly, and to request such a finding at the time of trial.

23. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff. Such activities constitute Defendant's infringement of the '088 patent by Defendant's practicing and/or hosting, at least the methods described herein, that infringe the patented invention, and Defendant will continue to do so unless enjoined by the Court.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8.935,220

24. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-29 above.

25. The '220 Patent, entitled "Unified Geographic Database and Method of Creating, Maintaining, and Using the," was duly and legally issued by the USPTO on January 13, 2015 after full and fair examination. The '220 Patent is a continuation-in-part of abandoned Application No. 10/701,961, which is a continuation of abandoned Application No. 09/707,213, which is a continuation-in-part of Application No. 09/257,462 (issued as the '023 Patent), which is a continuation-in-part of Application No. 09/188,153 (issued as U.S. Patent No. 6,047,236), which is a continuation of Application No. 08/701,586 (issued as the '088 Patent).

26. The claims of the '220 Patent cover, *inter alia*, a method for providing informational services via a communications network, the method comprising: receiving a search query via the communications network from a portable navigational apparatus, the search query comprising a proprietary search term identifying one or more locations of interest within a geographical area and locational information identifying a current location of the navigational apparatus at the time of sending the search query; accessing a unified geographic database ("UGD") to identify an entity within a district of the geographical area uniquely associated with the proprietary search term; using the locational information included in the search query from the navigational apparatus to complete a search of the UGD for one or more locations associated with the entity satisfying the search query and limited in geographic scope by the locational information; and sending a search result via the communications network to the navigational apparatus, the search result comprising one or more locations associated with the one or more entities identified by the proprietary search term that have a relationship with the locational information.

27. On information and belief, Defendant has infringed and is now infringing, including

literally, jointly, and/or equivalently, the '220 Patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the practicing, making, using, offering for sale, selling, hosting, and/or importing, without authority from Plaintiff, methods for providing informational services via a communications network, the method comprising: receiving a search query via the communications network from a portable navigational apparatus, the search query comprising a proprietary search term identifying one or more locations of interest within a geographical area and locational information identifying a current location of the navigational apparatus at the time of sending the search query; accessing a unified geographic database ("UGD") to identify an entity within a district of the geographical area uniquely associated with the proprietary search term; using the locational information included in the search query from the navigational apparatus to complete a search of the UGD for one or more locations associated with the entity satisfying the search query and limited in geographic scope by the locational information; and sending a search result via the communications network to the navigational apparatus, the search result comprising one or more locations associated with the one or more entities identified by the proprietary search term that have a relationship with the locational information. On information and belief, Defendant infringes the '220 Patent by and through at least its practicing and/or hosting such infringing methods comprising at least the Yahoo! Maps interactive website.

28. On information and belief, Defendant has had at least constructive notice of the '220 Patent pursuant to the Patent Act. Plaintiff reserves the right to take discovery regarding Defendant's first actual notice of the '220 Patent.

29. To the extent that facts learned during the pendency of this case show that Defendant's infringement is, or has been, willful, Plaintiff reserves the right to amend this Original Complaint

accordingly, and to request such a finding at the time of trial.

30. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff. Such activities constitute Defendant's infringement of the '220 patent by Defendant's practicing and/or hosting, at least the methods described herein, that infringe the patented invention, and Defendant will continue to do so unless enjoined by the Court.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,356,834

31. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-36 above.

32. The '834 Patent, entitled "Geographic Location Referencing System and Method," was duly and legally issued by the USPTO on March 12, 2002 after full and fair examination. The '834 Patent is a continuation-in-part of Application No. 09/540,398 (issued as the '122 Patent), which is a continuation-in-part of Application No. 09/188,153 (issued as U.S. Patent No. 6,047,236), which is a continuation of Application No. 08/701,586 (issued as the '088 Patent).

33. The claims of the '834 Patent cover, *inter alia*, a method of disseminating location information from a central repository via the internet to assist users of locational systems in navigation, comprising: providing a central repository with stored information for at least one geographic region, the stored information including positional information for geographic locations associated with respective proprietary names, wherein the positional information includes geodetic latitude and longitude coordinates; and disseminating location information for a proprietary name from the central repository to a user via the internet to use in association with said locational system to assist in navigation.

34. On information and belief, Defendant has infringed and is now infringing, including literally, jointly, and/or equivalently, the '834 Patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the

practicing, making, using, offering for sale, selling, hosting, and/or importing, without authority from Plaintiff, methods of disseminating location information from a central repository via the internet to assist users of locational systems in navigation, comprising:  providing a central repository with stored information for at least one geographic region, the stored information including positional information for geographic locations associated with respective proprietary names, wherein the positional information includes geodetic latitude and longitude coordinates; and disseminating location information for a proprietary name from the central repository to a user via the internet to use in association with said locational system to assist in navigation.  On information and belief, Defendant infringes the '834 Patent by and through at least its practicing and/or hosting such infringing methods comprising at least the Yahoo! Maps interactive website.

35. On information and belief, Defendant has had at least constructive notice of the '834 Patent pursuant to the Patent Act.  Plaintiff reserves the right to take discovery regarding Defendant's first actual notice of the '834 Patent.

36. To the extent that facts learned during the pendency of this case show that Defendant's infringement is, or has been, willful, Plaintiff reserves the right to amend this Original Complaint accordingly, and to request such a finding at the time of trial.

37. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.  Such activities constitute Defendant's infringement of the '834 patent by Defendant's practicing and/or hosting, at least the methods described herein, that infringe the patented invention, and Defendant will continue to do so unless enjoined by the Court.

**DAMAGES**

38. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-43 above.

39. By way of its infringing activities, Defendant has caused and continue to cause Plaintiff to

suffer damages, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

40. Defendant's infringement of Plaintiff's exclusive rights under the Patents-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

41. To the extent that facts learned during the pendency of this case show that Defendant's infringement is, or has been, willful, Plaintiff contends this is an exceptional case entitling Plaintiff to recover its attorneys fees and costs pursuant to 35 U.S.C. § 285.

## JURY DEMAND

42. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

43. Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit have been infringed by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendant's acts of infringement, together with pre-judgment and post-judgment interest;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and all persons acting in concert therewith from further acts of infringement with respect to the claims of the Patents-in-Suit;

D. That this Court declare that Defendant's infringement has been, and continues to be, willful, including that Defendant acted to infringe the Patents-in-Suit despite an objectively high likelihood that its actions constituted infringement of a valid patent and, accordingly, award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, fees, and prejudgment and post-judgment interest for Defendant's infringement of the Patents-in-Suit as provided under 35 U.S.C. §§ 284 and/or 285; and

G. Any and all further relief for which Plaintiff may show itself justly entitled that this Court deems just and proper.

Date:  February 6, 2015

Respectfully submitted,

*/s/ John J. Edmonds*
John J. Edmonds – Lead Counsel
Texas Bar No. 789758
Stephen F. Schlather, Esq.
Texas Bar No. 24007993
Shea Palavan, Esq.
Texas Bar No. 24083636
**COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC**
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
Email: jedmonds@cepiplaw.com
        sschlather@cepiplaw.com
        spalavan@cepiplaw.com

*Attorneys for Plaintiff*
*Location Services IP, LLC*